**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LAUREN GREENE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:26-cv-00991 (UNA) |
| v. | ) | |
| | ) | |
| | ) | |
| W. BURNS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is currently before the Court on consideration of Plaintiff's Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

At the outset, the Court notes that Plaintiff, who is proceeding *pro se*, attempts to bring this case on behalf of an entity, "Citizens Against Forensic Psychiatry."  However, a non-individual cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities," *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993), nor can a *pro se* plaintiff proceed, IFP or otherwise, on behalf of an entity, if as here, that plaintiff is not licensed counsel, *see* 28 U.S.C. § 1654; *Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland*, 506 U.S. at 201–02); *see also Franklin v. Vilsack*, No. 11–0206 (D.D.C. Apr. 15, 2011) (denying IFP status to plaintiff in his capacity as an officer of a non-profit corporation, because the non-profit, as an artificial entity, cannot proceed IFP).

The Complaint itself is difficult to understand.  Plaintiff sues the President of the United States, CIA officials, a judge, named and unnamed law enforcement officers, and the D.C. Department of Behavioral Health.  She has also filed a Motion to Amend, ECF No. 4, proposing adding yet more random defendants, but providing absolutely no basis for such request.  The Complaint's allegations are presented in run-on paragraphs consisting of stream-of-consciousness narrations of anecdotes that span Plaintiff's life, and include bare recitations of federal laws.  Plaintiff alleges that she has been a victim of "federal conspiracies," primarily orchestrated by the CIA, that have resulted in human trafficking, real and intellectual property theft, corrupt abuse, false charges and arrests, misdiagnosis of mental health conditions, hacking, and that she faced unlawful court proceedings.  She also alleges that her food and coffee were poisoned by the military in Philadelphia and that she was prevented from participating in the U.N. General Assembly.  She demands equitable relief and $1 million in damages.

Applicable here, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and a complaint that lacks "an arguable basis either in law or in fact" is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Moreover, a federal court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and

harassment deriving from uncertain origins"). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). The instant Complaint falls squarely into this category.

Accordingly, this matter is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's Motion to Amend, ECF No. 4, is denied, and her Motion to Expedite, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:   June 16, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge